### In re CHAPPELL.

(Supreme Court, Appellate Division, First Department. March 19, 1909.)

ATTORNEY AND CLIENT (§ 44*)—OFFENSE WARRANTING DISBARMENT.

An attorney at law and notary public, who received checks from two women, who applied to him for an acknowledgment, giving to one a receipt showing that he accepted it as an attorney for collection, and wrongfully appropriated the proceeds of both checks to his own use, refusing to account therefor on demand, is guilty of such an offense as warrants his disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 56; Dec. Dig. § 44.*]

In the matter of the petition of the Association of the Bar of the City of New York against Everett T. Chappell, an attorney, for disbarment. Motion granted, and respondent disbarred.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and SCOTT, JJ.

Einar Chrystie, for petitioner.
Everett T. Chappell, pro se.

PER CURIAM. The Association of the Bar of the City of New York presented to this court charges against the respondent as an attorney and counselor at law, in that on the 25th day of July, 1908, or thereabouts, he received from Carrie Gordon and Isabel Gordon two certain checks for $247.01 each, drawn upon a bank in Portsmouth, Va., one of which was payable to the said Carrie Gordon and the other to the said Isabel Gordon; that the said respondent agreed to have the said checks cashed and to turn the money so received over to them, and said checks were duly indorsed, received by the respondent, and collected by him; but that, instead of paying the money to the said Carrie and Isabel Gordon, the respondent appropriated the proceeds of the checks to his own use, and still refuses to pay the same over to the said Carrie and Isabel Gordon. A copy of this petition, containing the charge, was duly served upon the respondent, who interposed an answer admitting the receipt of the checks, and that he collected them and appropriated the proceeds thereof to his own use, but alleged that the respondent at no time ever acted as the attorney

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the said Carrie and Isabel Gordon, and never received any compensation or promise of compensation as such attorney. When this answer was filed, the proceeding was adjourned at the request of the respondent, and subsequently, and on the 5th day of March, 1909, the said proceeding was continued, and the respondent duly examined before this court, and testified in his own behalf.

From the admissions in the respondent's answer and his testimony upon the hearing it appeared: That the respondent had been duly admitted as an attorney and counselor at law, and that he had also been appointed a notary public. That he had an office in the city of New York for the practice of his profession, and also as a notary public of the state of New York. That some time before the 25th of July, 1908, these two women, Carrie and Isabel Gordon, called upon the respondent at his office to have the execution of a deed conveying certain property in the state of Virginia acknowledged. That the respondent took their acknowledgments and procured for them the certificate of the county clerk that he was a notary public, and delivered the deed, so acknowledged, and with this certificate attached, to the grantors therein, and received from them $1. That subsequently, and on the 25th of July, 1908, one of these women came to the respondent and asked him to cash for her a check for $247.01 drawn upon a bank in Virginia. That the respondent told her, "Very well," he would indorse the check, and deposit it in his bank, and when it went through he would turn the funds over to her. At the same time he gave her a receipt, written upon a paper which was headed, "Everett T. Chappell, Counselor at Law, 335 Broadway, cor. Worth Street," and which read as follows:—

"New York, July 25, 1908.

"Received from Carrie Gordon check, signed by Norman Casell, dated July 15, 1908, for the sum of $247.01 on the Bank of Tidewater, Portsmouth, Va., which sum is to be paid to Carrie Gordon, when check is collected.

"E. T. Chappell."

That a short time subsequent to this Isabel Gordon came in and left with the respondent's clerk or stenographer a similar check duly indorsed by the payee. The respondent further testified: That he deposited these checks to his own account in a bank in the city of New York in which he kept an account. That a few days afterwards one of these women came to his office, when he sent to the bank, but received word that the bank would not have any return upon these checks until 15 days from the time of the deposit. That subsequently the checks were paid and credited to the respondent. That the Gordons then came, but he evaded seeing them, "as I didn't want them to think I had overdrawn their accounts, you know; had gone into their money, so I didn't see them for a day or two." That the respondent then sent a clergyman to these women to explain the situation, and subsequently received a letter from one of the women; but, instead of consenting that the respondent keep the money, the letter consists of a demand for its repayment at once, and absolutely refused to allow the respondent to keep the money until the 1st of October unless he should give security for it. The respondent afterwards sent these women

some papers that he called security, but which seem to have been of no value. After the receipt of this letter the other woman came to see the respondent. That he told her what had occurred, and she seemed to feel sorry for him to the extent that he had got himself behind, and hoped he would be able to straighten it out by that time. The respondent testified: That the money went into his general bank account and he failed in business. "Everything went away." That he had never repaid the money, or any part of it. This statement of fact is taken from the respondent's own testimony.

The respondent was an attorney at law and notary public, and had taken the acknowledgment of these women to a deed. He received from them checks, which they indorsed and delivered to him; he giving a receipt upon his office paper, which stated that he was an attorney and counselor at law and that he received this check for collection, the proceeds, when collected, to be turned over to the owners of the checks. He received the proceeds, appropriated it to his own use, and has never accounted for or paid it over. His own testimony shows that there never was an agreement that he could use this money until the 1st of October, but that there was a constant demand for the payment of the money. The mere statement of facts is sufficient to show that this respondent has been guilty of such an offense that he should no longer remain a member of the profession.

The motion is therefore granted, and the respondent disbarred.